UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

FRANK MICHAEL PETOSA                    CHAPTER 7

   and                                  Case No. 09-16501-BKC-PGH

SUSAN SHERMAN PETOSA

   Debtors.
_____/

MELLON UNITED NATIONAL BANK'S
MOTION FOR RELIEF FROM AUTOMATIC STAY

**Any interested party who fails to file and serve a written response to this motion within 15 calendar days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

BNY Mellon f/k/a Mellon United National Bank ("Movant"), pursuant to 11 U.S.C. §362(d), Fed.R.Bankr.P. 4001(a) and Local Rule 4001-1, moves for relief from the automatic stay to foreclose its mortgage on Debtors' homestead property, which is not going to be administered for the benefit of the estate. In support of its motion, Movant represents as follows:

### BACKGROUND

A. *Movant Scheduled as having Undersecured Mortgage Debt on the Debtors' Homestead*

1. On April 9, 2009 ("Petition Date"), the Debtors filed a voluntary Chapter 7 petition and accompanying bankruptcy schedules ("Schedules") (D.E. # 1).

2. On their Schedules, the Debtors list ownership of certain homestead property located at 3059 NW 63 Street Boca Raton, FL 33496 with a legal description of Lot 3 of Seasons, according to the plat thereof, recorded in Plat Book 57, Page 161 of the Public Records of Palm Beach County, Florida (the "Homestead"). Id. at Schedules A and C.

2824.118/301823.2                                1

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

3. The Debtors scheduled the value of the Homestead as of the Petition Date in the amount of $736,500. Id. Movant does not dispute the Debtors' valuation of the Homestead for purposes of this Motion.

4. The Debtors claimed the Homestead as exempt under Article X, Section 4(a)(1) of the Florida Constitution. As such, the Homestead will not be administered for the benefit of the estate. Id. at Schedule C.

5. The Debtors scheduled the Homestead being secured by two mortgage liens with an aggregate value as of the Petition Date of $1,254,736.42, the second of which is held by the Movant. Id. as Schedules A and D.[1]

6. The Debtors scheduled the value of Movant's second mortgage lien as of the Petition Date in the amount of $704,736.42. Id. as Schedule D. By the Debtors' own account, the Movant was undersecured as of the Petition Date in the amount of $518,236.42. Id. For purposes of this motion, the Movant does not dispute the nature, priority or extent of its lien debt listed on the Debtors' Schedule D.

B. *Loan Documents Evidencing Movant's Mortgage Debt*

7. On May 25, 2005, the Debtors provided Movant with a mortgage on their Homestead ("Mortgage") to secure a note with the same date in the amount of $600,000 issued in favor of Movant by Mr. Petosa's law firm, Petosa & Associates, P.L. (the "Petosa Law Firm").[2] A copy of the recorded Mortgage and underlying note are attached hereto as Exhibits A and B.

---

[1] The Debtors also listed Movant as holding the first mortgage, but Movant does not hold the first mortgage, where such first mortgage is held by a different non-Movant entity.

[2] On the same date as the Petition Date, but prior to filing this case, the Petosa Law Firm also filed for Chapter 7 bankruptcy in this Court (In re Petrosa & Associates, P.L., Case No. 09-16499-BKC-EPK). Michael Bakst was appointed the Chapter 7 Trustee in both cases. A notice of filing this motion will be filed in the Petrosa Law Firm case in an abundance of caution although this motion merely seeks relief with respect to the Debtors' Homestead.

2824.118/301873.2                        2

8. On November 17, 2005, another $100,000 note was issued in favor of Movant by the Petosa Law Firm. A copy of the underlying note is attached hereto as Exhibit C.

9. On May 19, 2006, the Debtors provided Movant with an increased Mortgage in the total amount of $700,000 ("Mortgage Modification") to secure another promissory note with the same date, which renewed and consolidated the prior $600,000 note and the $100,000 increase note. A copy of the recorded Mortgage Modification and underlying increased note are attached hereto at Exhibits D and E.

10. The Mortgage is in default with no payment having been received by Movant since February 19, 2009.

11. Movant, through undersigned counsel, contacted Debtors' counsel prior to the filing of this motion to obtain consent to the requested relief but, as of the date of this filing, Debtors' counsel has not advised of the Debtors' consent.

## MEMORANDUM OF LAW

A. *Relief From the Automatic Stay under 11 U.S.C. § 362(d)*

12. Under Section 362(d), a bankruptcy court shall grant relief from the automatic stay under two separate conditions: (1) for cause, including the lack of adequate protection of an interest in property of a party in interest; **or** (2) with respect to a stay of an act against property, if the debtor does not have any equity in such property (i.e. the creditor is undersecured) and the property is not necessary to an effective reorganization. Acquisition Corp. of Amer. v. Fed. Sav. & Loan, 96 B.R. 380, 382-83 (Bankr.S.D.Fla. 1988) (citing United Sav. Assoc. v. Timbers of Inwood Forest, 484 U.S. 365 (1988)). If either of these conditions are met in the view of the Court, then stay relief is mandatory.

2824.118/301873.2    3

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

(a)    11 U.S.C. § 362(d)(1)

13.    Mellon is entitled to relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code. Section 362(d)(1) requires the Court to terminate or modify the stay to the extent there is a lack of adequate protection of an interest in property. "Adequate protection is designed to assure that a secured creditor does not suffer a decline in value of its interest in the estate's property while the automatic stay is in effect." In re Wrecclesham Grange, Inc., 221 B.R. 978, 981 (M.D. Fla. 1997) (citations omitted).

14.    Movant is the second priority secured creditor with a lien on the Homestead. The Debtors scheduled the first lien priority secured creditor on the Homestead as holding an undisputed first position secured claim against the Homestead in the amount of $550,000. As an undersecured creditor, Movant is entitled to adequate protection against diminution in the value of its collateral. As a result of the continuing downward real estate market in South Florida, Movant's undersecured lien claim against the Homestead is being further impaired postpetition. To date, the Debtors have not filed any motion with the Court to provide adequate protection to Movant with respect to its collateral. As such, the Movant's lack of adequate protection is cause for stay relief.

(b)    11 U.S.C. § 362(d)(2)

15.    Section 362(d)(2) provides that the Court may grant stay relief from the automatic stay if "the debtor does not have any equity in [the collateral] and [the collateral] is not necessary to an effective reorganization." In re Timbers of Inwood Forest Assoc., Ltd., 808 F.2d 363 (5th Cir. 1987), aff'd on other grounds, 484 U.S. 365 (1988).

16.    As noted above, the Debtors have scheduled Movant as a severely undersecured lien creditor with respect to its collateral. As such, there is no equity in the subject collateral.

2824.118/301873.2    4

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

17. In addition, this case is an individual chapter 7 case, where the subject collateral will not be used for a reorganization or any type of estate administration, as the subject collateral is the Debtors' Homestead.

18. In short, there is no justifiable reason why Movant should not be allowed immediately to proceed with all rights and remedies to satisfy its secured claim, including to foreclose its Mortgage on the Debtors' Homestead.

WHEREFORE, Movant requests that this Court grant it relief from the automatic stay to foreclose its Mortgage on the Homestead, and for such other and further relief that the Court deems appropriate.

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Mellon United National Bank
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134
Tel: (305) 372-1800
Fax.: (305) 372-3508
E-mail: das@kttlaw.com


By:  /s/ David A. Samole
     David A. Samole
     Fla. Bar No. 582761

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served (i) via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case and/or (ii) via U.S. mail to all parties on the attached service list on this 4th day of June, 2009.


By:  /s/David A. Samole
     David A. Samole

2824.118/301873.2                     5

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

## SERVICE LIST
## RE: FRANK MICHAEL PETOSA & SUSAN SHERMAN PETOSA
## CASE NO. 09-16501-BKC-PGH

**ELECTRONIC ECF NOTICE**

The following is the list of parties who are currently on the list to receive e-mail notice/service for this case and who therefore will be served via the Court's Notice of Electronic Filing:

Michael R Bakst
efilemrb@ruden.com  FL65@ecfcbis.com  Efile2557@ruden.com  Efile2556@ruden.com

Marc P Barmat on behalf of Debtor Frank Petosa
ndixon@furrcohen.com  mbarmat@furrcohen.com

Joe M Lozano on behalf of Creditor VW Credit, Inc.  notice@bvwlaw.com

Office of the US Trustee  USTPRegion21.MM.ECF@usdoj.gov

**Manual Service List**

The following is the list of parties who are not on the list to receive e-mail notice/service for this case (who therefore require manual notice/service).

**Service List**
**In Re: Frank Michael Petosa and**
**Susan Sherman Petosa**
**Case No. 09-16501-BKC-PGH**
**(VIA U.S. MAIL - (Attorneys Only)**

Recovery Management Systems
Corporation
25 S.E. 2nd Avenue #1120
Miami, Fl 33131-1605